### In re SCRIMGEOUR'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. SURROGATE'S COURT—VOID DECREE FIXING TRANSFER TAX—POWER TO
    VACATE.
        Under Code Civ. Proc. § 2481, subd. 6, providing that the surrogate shall have power to open, vacate, modify, or set aside a decree or order of his court "in a like case and in the same manner as a court of general jurisdiction," and Laws 1896, c. 908, § 229, providing that "the surrogate's court of every county of the state having jurisdiction to grant letters of administration upon the estate of a decedent whose property is chargeable with any tax under this article, shall have jurisdiction to hear and determine all questions arising under the provisions of this article, and to do any act in relation thereto authorized by law to be done by a surrogate in other matters or proceedings coming within his jurisdiction," a surrogate may vacate a decree of his court assessing and fixing a transfer tax made pursuant to Laws 1899, c. 76, which chapter has been declared unconstitutional, though the time to appeal from such decree has expired.

Appeal from surrogate's court, Kings county.

In the matter of the transfer tax on the estate of William Scrimgeour, deceased. From an order of the surrogate's court of Kings county (78 N. Y. Supp. 971) vacating a decree of that court assessing and fixing a tax on certain remainder interests passing by the will

of the testator to his grandchildren, the Comptroller of the state of New York appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

William O. Campbell, for appellant.

William Murray, for respondent.

HOOKER, J. The decree fixing the tax was made pursuant to chapter 76 of the Laws of 1899, and that chapter was declared unconstitutional by the Court of Appeals in Matter of Pell's Estate, 171 N. Y. 48, 63 N. E. 789, 57 L. R. A. 540. After the decision in Matter of Pell, supra, and after the time to appeal from the decree had expired, the petitioners in this proceeding applied for an order vacating the taxing decree, adjudging the estate exempt from transfer tax, and directing the Comptroller to refund the moneys paid under the decree. An order was made granting petitioners' prayer, and the Comptroller appeals.

It is conceded that the specific act under which the tax was imposed has been declared by the Court of Appeals to be unconstitutional, and it must follow that the decree of the surrogate's court assessing and fixing the tax was void. The appellant urges that, although a void order or judgment of a court may be vacated by that court without restricting the aggrieved party to his remedy by appeal, still in this case the surrogate is in fact not a surrogate at all when he is fixing a transfer tax, but, rather, a taxing officer, acting ministerially, and devoid of power, except that conferred upon him by the tax law, and that the surrogate, as such, has no power to vacate a decree made by the surrogate as taxing officer. Assuming that when he is fixing a tax, and making the decree assessing it, he is not acting as surrogate, as the appellant contends, yet the decree upon the taxation becomes a decree or order of this court, and we think that the language of the sixth subdivision of section 2481 of the Code of Civil Procedure, together with that of section 229 of the tax law (Laws 1896, c. 908) is broad enough to confer upon him complete jurisdiction to vacate a void order of his court. This exact question was the subject of consideration in Matter of Coogan, 27 Misc. Rep. 563, 59 N. Y. Supp. 111, affirmed 162 N. Y. 613, 57 N. E. 1107, and we believe the conclusions reached there should be approved.

The order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.